This was a bond, executed in 1774, to secure the payment of fifteen hundred pounds, proclamation money, at five equal payments, commencing on the third day of August, 1775, and ending in August, 1779. At the time the contract was made, and the two first payments became due, the proclamation money had not depreciated; but that currency, and all other paper money, had greatly depreciated before the last payment became due. The jury in their verdict gave the plaintiffs only so much as the nominal sums were worth on the days they became payable; whereas, the plaintiffs contend they should (536) have given the value of the nominal sums as it was at the time when the contract was entered into. When a person enters into an obligation in writing, attended with the legal ceremony of sealing and delivery, the law presumes, without other evidence, that he has received a consideration equal in value to the sum he obliges himself to pay; if, therefore, the jury give a less sum than that which the parties themselves had in contemplation at the time when they entered into the contract, the plaintiff does not receive a compensation adequate to the value *Page 438 
of the property transferred to the defendant at the time; thus, the defendant obtains an advantage and the plaintiff sustains a loss which neither of them had in contemplation at the time when the contract was entered into; therefore, in order that the plaintiffs should have the real benefit of their contract, according to the intention of the parties, if they take the subject under their consideration, should find what was the value of proclamation money in the present currency, agreeable to their relative value of specie, respectively. I am therefore of opinion that the new trial be allowed.
TAYLOR and HALL, JJ., were of opinion that a new trial ought to be granted.
NOTE. — See Hamilton v. Person, 3 N.C. 236; McNair v. Ragland,16 N.C. 516. Otherwise now, Code of 1883, sections 1183, 1189.